UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

DAWN JEAN VASINA,   No. 05-13204

                  Debtor(s).
_____/

JEFFRY G. LOCKE, Trustee,

                  Plaintiff(s),

    v.   A.P. No. 06-1001

DAWN JEAN VASINA,

                  Defendant(s).
_____/

Memorandum After Trial
_____

      The schedules filed be debtor and defendant Dawn Jean Vasina in this Chapter 7 case were rampantly false. Representing herself, she somehow came to the conclusion that only "personal" affairs were involved, so she omitted any mention of a sole proprietorship business she sold just before she filed her petition. Not only did she not disclose the sale of the business, but she also failed to disclose that several creditors had been preferentially paid from the escrow and that she still had about $1,800.00 due to her from the escrow. She also failed to schedule a lawsuit pending against her during the year before bankruptcy and

1

two closed bank accounts. For these reasons, the Trustee seeks denial of her discharge pursuant to § 727(a)(4)(A) of the Bankruptcy Code, which bars a discharge to any debtor who knowingly and fraudulently makes a false oath.

There is no doubt that Vasina's representing, under penalty of perjury, that her schedules were true and correct was false. Moreover, there is a limit to the degree of ignorance a *pro se* debtor can plead as an excuse. There is certainly enough evidence to allow the court to draw the inference that Vasina's false oath was knowing and fraudulent.

However, the court declines to draw the necessary inference for two reasons. First, while it is very possible that Vasina's omissions were intentional, the court cannot say it is more likely than not that she intended to defraud her estate. Second, her testimony that she made no attempt to hide the business affairs and disclosed them to the trustee at the meeting of creditors is credible and un-rebutted, as the trustee did not testify at the trial. Accordingly, while the court strongly disapproves of Vasina's conduct, the court cannot make the finding, necessary to deny her discharge, that her schedules were falsified with fraudulent intent.

For the foregoing reasons, plaintiff shall take nothing by his complaint, which will be dismissed with prejudice. Each side shall bear its own costs.

This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. The court will enter an appropriate judgment.

Dated: January 26, 2007

Alan Jaroslovsky
U.S. Bankruptcy Judge